# THE DISTRICT COURT OF GUAM

| | |
|---|---|
| JONATHAN HUDSON,<br>    Plaintiff,<br><br>  vs.<br><br>G4S SECURE SOLUTIONS (GUAM), INC.,<br>    Defendant. | CIVIL CASE NO. 19-00139<br><br>**ORDER** |

On September 27, 2019, Plaintiff filed a pro se complaint against G4S Secure Solutions (USA), alleging employment discrimination on the basis of gender. ECF 1. Attached to the pro se form complaint was a "Statement of Claim," which set out the specific factual allegations underlying Plaintiff's claim. *Id.* at 7. Then-defendant G4S Secure Solutions (USA) moved to dismiss, asserting—among other things—that Plaintiff had improperly sued G4S Secure Solutions (USA), rather than her actual employer, G4S Secure Solutions (Guam). ECF 18.

On January 29, 2020, Plaintiff superseded the original complaint by filing an amended pro se form complaint naming G4S Secure Solutions (Guam) (hereinafter "G4S") as the defendant. ECF 21. However, the original "Statement of Claim" was omitted from the amended complaint, leaving only the form complaint. Defendant G4S now moves to dismiss, asserting that the amended complaint contains only conclusory assertions of liability and therefore fails to state a claim upon which relief can be granted.[1] Rather than filing an opposition to the motion,

---

[1] Because the amended complaint is simply a pro se form identifying the general nature of the claim—employment discrimination on the basis of gender—and does not include the more detailed "Statement of Claim" that was attached to the original complaint, Defendant is correct regarding the conclusory nature of the amended complaint.

1

Plaintiff filed a request that her complaint be dismissed without prejudice so that she may refile the action once she has obtained counsel to represent her. ECF 37. Defendant requests oral argument on its motion to dismiss, ECF 40, but the Court finds that its disposition of this matter would not be significantly aided by oral argument and therefore **DENIES** the request.

With respect to Plaintiff's request that the action be dismissed without prejudice to her filing a new action after retaining counsel, the Court notes that 86 days have already elapsed between Plaintiff's receipt of a right-to-sue notice from the E.E.O.C. and the filing of the present action. *See* ECF 1 at 1, 5, 11. Because of the 90-day limitations period on Plaintiff's claim, *see* 42 U.S.C. § 2000e-5(f)(1), it is simply not realistic to expect that Plaintiff will retain counsel in time to file an amended complaint before the limitations period has expired. Dismissal without prejudice would therefore be futile with respect to filing a subsequent action with the aid of counsel. Plaintiff's request for dismissal without prejudice is accordingly **DENIED**.

However, it appears likely that the deficiencies identified in Defendant's motion to dismiss could be cured by Plaintiff's filing an amended complaint to state the factual basis for the claim in more detail. Leave to amend is therefore warranted, especially in light of Plaintiff's pro se status. The Court accordingly **DENIES** Defendant's motion insofar as it seeks dismissal of this action with prejudice. Instead, the Court **DISMISSES** the operative complaint **WITH LEAVE TO FILE A SECOND AMENDED COMPLAINT** that states the specific factual basis for Plaintiff's claim of employment discrimination.[2] Any amended complaint shall be filed no later than October 30, 2020. Failure to file an amended complaint by this deadline may result in dismissal of the action with prejudice.

**SO ORDERED.**



/s/ Frances M. Tydingco-Gatewood
       Chief Judge
**Dated: Sep 30, 2020**

---

[2] To the extent Plaintiff believes the "Statement of Claim" attached to the original complaint already includes all relevant factual allegations, Plaintiff may simply refile the amended complaint form along with the original "Statement of Claim."